IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRINI MIKHAIL and THE
ADOLESCENTS PREPARING 4
EXCELLENCE (A.P.E.X) OF
PITTSBURGH,

10cv1426

**ELECTRONICALLY FILED**

Plaintiffs,

v.

TRI-STATE REALTY, INC.,

Defendant.

## MEMORANDUM OPINION

Before the Court is Defendant's Defendant, Tri-State Realty, Inc.'s, Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs, Irini Mikhail and the Adolescents Preparing 4 Excellence ("APEX") of Pittsburgh, sued Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania, claiming that a fire in the building Plaintiffs rented from Defendant was caused by faulty or defective wiring which Defendant should have known about had it kept the building adherent to building code standards. Plaintiffs' Complaint asserts a claim for negligence and breach of contract. See doc. no. 1-5.

Defendant removed the lawsuit to this Court under 28 U.S.C. §1332, claiming complete diversity of the parties and averring that the damages will exceed $75,000. See doc. no. 1, ¶¶ 9-10. Subsequent to removing this case, Defendant filed the instant Motion to Dismiss under F.R.Civ.P. 12(b)(6) solely with respect to Plaintiffs' breach of contract claim, arguing that Plaintiffs' Complaint fails to alleged any contractual duty owed to them by Defendant. In addition, Defendant requests that Plaintiffs' claim for punitive damages be dismissed arguing that Plaintiffs failed to state sufficient grounds upon which punitive damages could be granted.

Plaintiffs, in their response to Defendant's Motion to Dismiss, counter that Defendant breached paragraph 8 of the written lease it had with Plaintiff APEX, when Defendant failed to keep the condition of the leased space in good order and this failure led to an electrical fire. Plaintiffs further contend that they were entitled to quiet enjoyment of the property under paragraph 21 of this same written lease agreement, but due to Defendant's actions and/or inactions, Defendant breached this portion of the lease.

Plaintiffs also contend that the punitive damages sought should not be dismissed at this stage of the proceedings due to the fact that they have plausibly pled a claim in support of such damages. Specifically, Plaintiffs' complaint avers that: (1) Defendant knew it was not legally permitted to lease the second floor space to Plaintiffs and another second floor tenant because it had no Occupancy Permit from the City of Pittsburgh for that space; and (2) when Plaintiffs and the other second-floor tenant reported their electrical service problems to Defendant, Defendant ignored its duty to repair and/or replace the electrical wiring. Plaintiffs contend Defendant recklessly placed innocent individuals – *i.e.* young children who frequented the daycare facility/preschool on the first floor of Defendant's building, and the youths to which Plaintiffs' catered in its second-floor facility – by intentionally refusing to respond to Plaintiffs' complaints about the electrical service.

For the reasons that follow, this Court will grant in part and deny in part Defendant's Motion to Dismiss.

## I. Background

The following facts are accepted as true for solely for the purposes of this Motion to Dismiss.

Plaintiff Mikhail resides in Pittsburgh, Pennsylvania, is a licensed professional counselor, and is the president of APEX, a non-profit corporation which operates a youth services program. Doc. no. 1-5, ¶¶ 1, 7. Defendant owned the office building where Plaintiff Mikhail rented space to conduct private counseling and where APEX ran its program and operated a Youth Center. Doc. no. 1-5, ¶¶ 5, 10.

Plaintiff APEX entered into a written lease agreement with Defendant on April 1, 2007 ("Leased Premises") for a term of five years. Doc. no. 1-5, ¶¶ 5-6. Plaintiff Mikhail orally agreed with Defendant to rent a back room adjacent to the Leased Premises to conduct private counseling sessions. Doc. no. 1-5, ¶ 8. All of the space rented by Plaintiffs was located on the second floor of the Defendant's office building.[1] Doc. no. 1-5, ¶ 5. Plaintiffs purchased equipment, furniture, and fixtures in order to conduct their respective businesses. Doc. no. 1-5, ¶ 11.

In 2004, Defendant applied for and received a Certificate of Occupancy from the City of Pittsburgh for the first floor of the office building. Doc. no. 1-5, ¶¶ 13-15. Defendant did not obtain an occupancy permit a Certificate of Occupancy from the City of Pittsburgh for the second floor of the office building where the Plaintiffs were located. Doc. no. 1-5, ¶ 19.

After taking possession of the leased premises Plaintiffs (and another second floor tenant) experienced problems with the electric service to their respective leased space, and reported these problems to Defendant. Doc. no. 1-5, ¶ 20. Plaintiffs contend the electrical wiring

---

[1] At all times relevant, Defendant leased the first floor of the office building to a tenant who ran a licensed day care center known as "Community Preschool and Nursery". Doc. no. 1-5, ¶12.

contained on the second floor of the office building was not commercial grade in nature, was not up to the current building standards, and was in need of replacement. Doc. no. 1-5, ¶ 21. Plaintiffs contend that Defendant had knowledge of the wiring problems and intentionally, recklessly, and maliciously ignored them. Doc. no. 1-5, ¶ 23.

On July 17, 2008 a fire started on the second floor in the ceiling above the space occupied by Plaintiff APEX. Doc. no. 1-5, ¶ 24. The origin of the fire was an electric arc which was caused by faulty wiring. Doc. no. 1-5, ¶ 25. The second floor of the office building was destroyed by the fire and all of the space occupied by Plaintiffs was rendered unusable due to smoke, fire, and water damage. Doc. no. 1-5, ¶ 28. Plaintiffs were forced to vacate the leased space and all items of personal property were destroyed. Doc. no. 1-5, ¶ 29. Plaintiffs formally notified Defendant on April 27, 2009 that they were terminating their lease as a result of the July 17, 2008 fire. Doc. no. 1-5, ¶ 30.

## II. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for

the misconduct alleged. Id. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." PA Prison Soc. v. Cortes, 622 F.3d 215, 233 (3d Cir. 2010), citing Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

> As explained succinctly by the United States Courts of Appeals for the Third Circuit:
>
> > Pursuant to Ashcroft v. Iqbal, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." Id. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S.Ct. at 1950).
>
> Edwards v. A.H. Cornell and Son, Inc., 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantiate that claim. For example, in Fowler, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. Id. at 211-212.

5

The Court of Appeals for the Third Circuit in Guirguis v. Movers Specialty Services, Inc., 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's complaint because the plaintiff failed to plead facts explaining why he believed his national origin was the basis for the termination of his employment.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Id. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8. Generally speaking, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. See Fowler and Guirguis, supra.

It is on this standard that the court has reviewed Defendant's motion for partial dismissal.

### III. Discussion

**A. Breach of Contract Claim**

"Under Pennsylvania law, to establish a *prima facie* breach of contract claim, a plaintiff must establish the following: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.' " Lejeck v. MBH Solutions, Inc., no. 06-342, 2007 WL 2743677, *5 (W.D.Pa., September 18, 2007), citing, Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir.2003).

Here, Defendant argues that Plaintiffs failed allege that Defendant breached a duty owed to them via a contract. Defendant argues that: (1) because Plaintiffs simply assert that "[t]he aforementioned conduct on the part of the Defendant constitutes a material breach of the Lease" it has failed to meet the Twombly and Iqbal standard of heightened pleading; (2) because "[t]he aforementioned conduct" is the same conduct that gives rise to Plaintiffs' negligence claim they are barred by the gist of the action doctrine from asserting the breach of contract claim; and (3) because Plaintiff Mikhail's breach of contract claim is predicated upon an oral agreement – unlike Plaintiff Apex's breach of contract claim which is predicated upon a written lease – Plaintiff Mikhail's breach of contract claim must be dismissed essentially under a statute of frauds theory.

This Court finds that Plaintiffs have adequately pled a cause of action for breach of contract as it pertains to Plaintiff APEX. Plaintiff APEX points to paragraphs 8 and 21 of the written five-year written lease agreement executed by APEX and Defendant. However, the Court notes that there is no such express agreement for Plaintiff Mikhail.

As noted by the Honorable Judge D. Brooks Smith when he was serving as a District Court Judge in the Western District of Pennsylvania, "Pennsylvania's 'Statute of Frauds is satisfied by the existence of a written memorandum signed by the party to be charged and sufficiently indicating the terms of the oral agreement so that there is no serious possibility of consummating fraud by its enforcement.' [Citation omitted.] Moreover, the Statute applies to all leases which exceed a term of three years." Josephs v. Pizza Hut of America, Inc., 733 F.Supp. 222, 224 (W.D.Pa.,1989), citing 33 Pa.Stat.Ann. § 1.

Here, Plaintiffs fail to allege any form of a writing evidencing the lease arrangement between Plaintiff Mikhail and Defendant. Thus, the complaint falls short of providing this Court

with an adequate basis upon which to find a plausible cause of action exists for breach of a lease as between Plaintiff Mikhail and Defendant. For these reasons the Court will dismiss Count II, breach of contract, as to Plaintiff Mikhail, but will allow the breach of contract as to Plaintiff APEX.

Turning next to Defendant's argument that Plaintiff APEX's breach of contract claim is barred by the gist of the action doctrine, this Court disagrees. Under Pennsylvania law, the gist of the action doctrine "precludes plaintiffs from recasting ordinary breach of contract claims into tort claims." Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d Cir. 2010), citing Erie Ins. Exch. v. Abbott Furnace Co., 972 A.2d 1232, 1238 (Pa. Super. 2009). "The critical conceptual distinction between a breach of contract claim and a tort claim is that the former arises out of 'breaches of duties imposed by mutual consensus agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.' " Id. (quoting Reardon v. Allegheny Coll., 926 A.2d 477, 486-87 (Pa. Super. 2007)).

Upon review of the allegations set forth in Plaintiffs' complaint in this matter, Plaintiffs have adequately pled that the legal duty owed to Plaintiff APEX arises out of the contract (*i.e.* the written lease agreement) executed by Defendant and Plaintiff APEX.[2] Accordingly, Defendant's motion in this regard will be denied.

**B. Punitive Damages**

"Pennsylvania law provides that a defendant must have engaged in 'outrageous' or 'intentional, reckless or malicious' conduct to sustain a claim for punitive damages." Boring v. Google Inc., 362 Fed.Appx. 273, 282 (3d Cir. 2010) citing, Feld v. Merriam, 506 Pa. 383, 485

---

[2] Defendant did not move this Court to dismiss the negligence claim, only the breach of contract claim under the gist of the action doctrine.

A.2d 742, 747-48 (1984). "Indeed, 'punitive damages cannot be based upon ordinary negligence.' " Id. citing, Hutchinson ex rel. Hutchinson v. Luddy, 946 A.2d 744, 747 (Pa. Super. 2008).

In the instant matter, Defendant urges this Court to dismiss Plaintiffs' demand for punitive damages claiming that Plaintiffs' failed to allege any facts that would show Defendant's conduct was intentional, reckless, outrageous, or malicious. Plaintiffs counter by pointing to those paragraphs of their Complaint where they allege that: (1) Defendant failed to obtain an occupancy permit for the second floor of the office building, and (2) Defendant was aware of the poor condition of the electrical system because they complained to Defendant of problems with the system. Plaintiffs further allege that despite their complaints and Defendant's knowledge of the poor condition of the electrical system, Defendant completely ignored its duties and obligations to the Plaintiffs to keep the premises (and its tenants) safe. See doc. no. 1-5 ¶¶ 45-48.

This Court finds that the allegations adequately assert the level of conduct necessary to support a claim for punitive damages at this early stage of the proceedings, and thus, the Defendant's Motion to Dismiss the punitive damages will be denied. However, the Court will revisit this issue at the time of the filing of Motion(s) for Summary Judgment.

### IV. Conclusion

Based on the foregoing law an authority, the Defendant's partial Motion to Dismiss is granted in part and denied in part. An appropriate Order follows.

s/ Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties